UNITED STATES of America,
Plaintiff-Appellant,

v.

Paul E. BOURLON, a/k/a Bourlon Grove
Care, a/k/a Bourlon Care,
Defendants-Appellees.

No. 76-2867.

United States Court of Appeals,
Fifth Circuit.

May 30, 1978.

J. A. Canales, U. S. Atty., Houston, Tex., Rex E. Lee, Asst. Atty. Gen., Leonard Schaitman, Atty., Judith S. Feigin, Thomas G. Wilson, Dept. of Justice, Civil Div., App. Sect., Washington, D. C., for plaintiff-appellant.

B. R. Stewart, Edinburg, Tex., for defendants-appellees.

Before HILL, RUBIN, and VANCE, Circuit Judges.

PER CURIAM:

This appeal by the United States from the judgment of the District Court for the Southern District of Texas presents a single issue for our determination. This issue is whether or not the appellee-defendant, Paul Bourlon, is a "broker" as defined by the Perishable Agricultural Commodities Act (1930), as amended 7 U.S.C.A. § 499a(7). The District Court in granting summary judgment in favor of appellee and against the United States held that Bourlon was not a "broker." We affirm the District Court for the reasons stated in the unpublished opinion of Judge O'Conor, a copy of which is attached hereto as an Appendix.

AFFIRMED.

MEMORANDUM AND ORDER

O'CONOR, District Judge.

This suit is brought by the United States against the defendant, Paul Bourlon, pursuant to the Perishable Agricultural Commodities Act (1930), as amended, 7 U.S.C. § 499a et seq. Specifically the Department of Agriculture alleges that the defendant has been and continues to carry on the business of a broker as defined in 7 U.S.C. § 499a(7) without having a license as required by 7 U.S.C. § 499c(a). The United States seeks the statutory penalties and an injunction.

Case has been submitted on cross-motions for summary judgment. The Court has considered the pleadings, the stipulations and briefs of the parties, and heard oral

argument on the cross-motions on the 16th of March, 1976.

Whether the defendant is in violation of the Act depends upon whether or not he comes within the definition of broker under the statute. The essential facts concerning the defendant's operations are:

1. Defendant has operated a grove care business since 1969 and continues to do so.

2. In such grove care business defendant enters into contracts with the grove owners.

3. Pursuant to such a contract the defendant undertakes to care for the citrus crop on the grove owner's land.

4. Pursuant to such a contract the defendant harvests and markets the citrus fruit either as directed by the grove owner, or at his own discretion.

5. Pursuant to each such contract defendant received half the proceeds of the citrus crop plus grove care charges.

6. Whenever, pursuant to such a contract, defendant himself arranges the sale of the citrus crop to a packing shed, he directs the latter to pay half the proceeds of the sale to the grove owner, less any grove care indebtedness owed to the defendant.

7. In any sale to a packing shed the defendant acts for and on behalf of the grove owner.

The Act defines 'broker' as follows:

. . . any person engaged in the business of negotiating sales and purchases of any perishable agricultural commodity in interstate or foreign commerce for or on behalf of the vendor or purchaser, respectively, except that no person shall be deemed to be a 'broker' if such person is an independent agent negotiating sales for and on behalf of the vendor and if the only sales of such commodities negotiated by such person are sales of frozen fruits and vegetables having an invoice value not in excess of $90,000 in any calendar year.

The defendant, Paul Bourlon, contends that, first he is not *engaged in the business of negotiating* sales and purchases, and, second, assuming arguendo the first that he "is engaged in the business of negotiating", it is of sales only, so that the statutory definition does not apply to his activities since they do not partake of the conjunctive "sales and purchases" as stated in the statutory definition. Affirmatively Bourlon maintains that he is merely a grove care operator, and that as such his activities are more analogous to those of the tenant farmer. He farms the citrus crop through the season from inception until harvesting, and in the case of some contracts, until marketing by sale to a packing shed.

The Court finds that in relation to the citrus crop of each grove the defendant stands in the role of owner when the defendant sells the crop and in the role of tenant farmer when the grove owner sells the crop. By the terms of the contract the defendant is the vendor of the crop if the crop owner does not otherwise direct him; and where the grove owner arranges for the sale of the crop himself, the defendant is neither involved as vendor nor as broker in that sale.

The Court concludes that in the operations described and stipulated to in this case the defendant does not come within the definition of broker under the Act and thus is not required to be licensed under the Act. There is no conflict of interest between the owner and defendant. He is not engaged in the business of negotiating either sales or purchases and accordingly the Court does not reach the second point raised by the defendant concerning the conjunctive use of the words "sales and purchases" in the definition.

The regulatory net for persons required to be licensed under the Act is quite comprehensive when the three defined categories are considered, namely, "commission merchant", "dealer" and "broker", and indeed there is even an elective provision for voluntary licensing of persons who come within the specified exceptions to the definition of dealer. One of these exceptions is stated as follows in

The term "dealer" means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, *except that (a) no producer shall be considered as a dealer in respect to sales of any such commodity of his own raising.*

Although the definition of dealer is not in issue here, the Court finds that the above exception is suggestive of the policy of the Act not to require mandatory licensing of persons in the position of the defendant here. The Act is intended to protect producers of perishable agricultural commodities and to provide a practical remedy to small farmers and growers who have been vulnerable to sharp practices by irresponsible brokers. *Chidsey v. Guerin,* 443 F.2d 584 (6th Cir. 1971). It is designed to protect the producers of these products who in many instances must send their products to a buyer or commission merchant who is thousands of miles away. *Zwick v. Freeman,* 373 F.2d 110 (2nd Cir. 1967).

As between the grove owner and the grove care operator (such as the defendant) there is not the potential for such type of conflict as the Act seems designed to mitigate or prevent (by the mandatory requirement for license) as there is between the grove owner and the broker (as defined in the Act).

Accordingly, it is therefore,

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment, be, and the same is, in all things DENIED, and the Defendant's Motion for Summary Judgment be, and the same is, in all things GRANTED, and that the plaintiff take nothing by its suit and that the defendant go hence without day and recover his costs and charges in this behalf expended and have execution therefor.